Booth, Chief Justice,
delivered the opinion of the court:
The defendant files a demurrer to plaintiffs’ petition. In 1926 Joseph Goldstein and Kate Goldstein, his wife, were owners of a building in Kenosha, Wisconsin. About September 3'0, 1926, the plaintiffs were approached by the local postmaster and a post-office inspector with a proposition to rent their building to the defenndant for a post office. The building at that time required certain alterations and improvements to properly equip it for the needed purpose, and the first proposition was a five-year lease of the same if the alterations and improvements were made.
The plaintiffs declined to accept a five-year lease, and finally the negotiations culminated in a ten-year written *478 lease, a standard form of post-office lease, the rental fixed at $1,680 per year. The defendant entered into possession of the premises and remained therein for a period of' seven years, when said lease was canceled by the defendant and possession surrendered.
The plaintiffs expended in alterations and improvements to make the building conform to the defendant’s exactions $3,928.05, and it is for the proportionate amortization of this sum that this suit is brought, i.e., three-tenths of $3,928.05, or $1,178.40. No claim is made for any other loss due to-the cancellation of the lease.
The suit is unique. It is not alleged that the cancellation of the contract was unlawful. The simple statement is made- “ that the Post Office Department vacated the premises on the 22d day of August, A.D. 1933 ”; and preceding this statement is one to the effect that the expense incurred prior to the execution of the lease was so incurred at the request of defendant and upon the understanding that the defendant would occupy the building for ten years.
The lease did provide a tenancy of ten years, but it also contained two reservations of substantial rights which when-exercised granted authority to terminate it in much less time. Paragraph 10 (a) (b) is as follows:
“ 10. Whenever any building or part of a building under-lease becomes unfit for use as a post office, no rent shall be paid until the same shall be put in a satisfactory condition by the owner thereof for occupation as a post office, or the lease may be canceled, at the option of the Postmaster General.
“(a) This lease may be terminated upon ninety days’" notice in writing to the Lessor whenever the Post Office-. Department shall decide to move the office into a Government-owned building which shall have been provided for it..
“(b) This lease may be terminated upon ninety days’ notice in writing to the Lessor whenever, in the judgment of the Department, the growth of the service at that office renders-additional room necessary and the Lessor is unable or unwilling to furnish suitable and sufficient additional space at an additional rental satisfactory to the Department.”
The lease is, under our rules, a part of the petition, and in the absence of an allegation which challenges the right to* *479 proceed in accord with its provisions no cause of action is set forth.
No obligation was assumed by the defendant to pay more than a yearly rental, and if the contract was breached the facts and not a conclusion must appear in the petition.
We need not cite authorities to sustain the rule that the defendant is presumed to have acted lawfully. The inducements for entering into the lease were not carried forward into the written agreement. No allegation of fraud or misrepresentation appears, and of course the court is confined to the truth of facts well pleaded. Therefore, what we have is an allegation that in order to procure a lease the plaintiffs expended a sum of money, and thereafter, when the lease was executed, it contained provisions which did not definitely commit the defendant to a ten-year tenancy, but, on the contrary, reserved the right to terminate the same upon the happening of certain contingencies. The lease was terminated and no facts are alleged that what was done was unlawful. As a matter of fact, it appears that the suit is not predicated upon any provisions of the lease. The damages sought relate to an oral conversation or, as claimed, agreement to expend certain sums which the plaintiffs assert were to be amortized by the fixed rental of the lease over a period of ten years. No authority to bind the Government resided in its representatives who participated in the conversation. The written lease fixes the mutual obligations of the parties and the terms and conditions of the tenancy, and to it only can the court look, despite what the plaintiffs contemplated in entering into the same. Brawley v. United States, 96 U.S. 168; Whiteside v. United States, 93 U.S. 247; New Jersey Foundry, etc. v. United States, 49 C.Cls. 235.
It is elementary that prior negotiations, in the absence of fraud or mutual mistake, form no part of the written lease unless incorporated therein, and no covenant of the lease indemnified the plaintiffs for sums expended in order to induce the defendant to make the lease. The consideration for the lease was expressed and under no authorities cited may the plaintiffs recover any other sum.
*480 The demurrer is sustained and the petition dismissed. It is so ordered.
Whaley, Judge; Williams, Judge; LittletoN, Judge;- and GeeeN, Judge, concur.